UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WILLIAM GREGORY BOZEMAN**                    CIVIL ACTION

**VERSUS**                                     NO. 16-14606

**WYETH HOLDINGS CORPORATION, ET AL.**         SECTION "B"(5)

<u>**ORDER AND REASONS**</u>

Before the Court is William Gregory Bozeman's ("Plaintiff" or "Bozeman") "Emergency Motion to Remand." Rec. Doc. 4. Bozeman filed the instant motion after Wyeth Holding Company, formerly known as American Cyanamid Company ("Defendant" or "Cyanamid"), removed the case from Civil District Court for the Parish of Orleans ("Orleans Parish CDC") on the eve of trial. Rec. Doc. 1. Given the circumstances, this Court set an expedited briefing schedule. *See* Rec. Doc. 7. Cyanamid timely filed a memorandum in opposition, and this Court granted Bozeman leave to file a reply memorandum. Rec. Docs. 8, 13.

This case arises out of Plaintiff's alleged exposure to asbestos and asbestos-containing products, which purportedly caused him to contract malignant mesothelioma. Rec. Doc. 1-1 at 2. Bozeman, a citizen of Louisiana, worked for Arizona Chemical Company, later known as International Paper Company, from 1975 to 1981 and 1981 to 1999. *Id*. During those years, he worked for International Paper in Louisiana and was repeatedly exposed to asbestos. He also claims that he was exposed to asbestos

1

secondarily due to asbestos fibers brought home on the clothes and person of his father, William H. Bozeman, from approximately 1956 to the late 1970s as a result of his father's work at Arizona Chemical Company. *Id*. Bozeman filed suit in Orleans Parish CDC on October 29, 2015 against a number of defendants. *Id*. at 1.

On September 9, 2016, Cyanamid removed the case to this Court on the basis of diversity jurisdiction just days before trial was set to begin on September 12, 2016. Rec. Doc. 1. In its Notice of Removal, Cyanamid asserts that "[a]s of August 12, 2016, plaintiff had settled, voluntarily dismissed, or otherwise abandoned her claims against all but four (4) Louisiana defendants: ANCO Insulation ("ANCO"), Maryland Casualty Insurance Company ("Maryland Casualty"), Reilly Benton, and Taylor-Seidenbach, Inc. ("Taylor")." *Id*. at 4. Further, Defendant claims that, on August 12, 2016, the state court granted summary judgment in favor of Maryland Casualty, Reilly Benton, and ANCO due to Plaintiff's failure to oppose the motions. *Id*. It is at that point that Cyanamid argues the case became removable because the only remaining non-diverse defendant, Taylor,[1] was improperly joined. Nevertheless, Defendant waited almost an entire month before removing the matter to federal court.

---

[1] It is undisputed that both Plaintiff and Taylor are citizens of Louisiana.

2

Cyanamid maintains that Taylor was improperly joined because "there exists 'no reasonable basis for predicting' that plaintiff will recover against this purported defendant in state court." *Id.* at 4-5 (citing *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004)). The United States Court of Appeals for the Fifth Circuit recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). Defendant only meaningfully argues for improper joinder under the second test.[2]

For Cyanamid to prove that Taylor was improperly joined in this matter, there must be "no reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant." *Smallwood*, 385 F.3d at 573. In determining whether a plaintiff has a reasonable basis of recovery under state law, a court may resolve the issue in one of two ways. First, the court may conduct a Rule 12(b)(6) analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim against the non-diverse defendant.

---

[2] We acknowledge that Cyanamid mentions actual fraud in its response memorandum, but it does so in only one sentence and fails to provide sufficient briefing and allegations to merit consideration. *See Bowman v. Slidell City*, No. 13-2636, 2014 WL 3542118, at *4 n. 20 (E.D. La. July 17, 2014).

*Id.* It is generally held that if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. *Id.* Second, in such cases where a plaintiff has stated a claim but has "misstated or omitted discrete facts" that would determine the appropriateness of joinder, the district court may use its discretion to "pierce the pleadings" and conduct a summary inquiry. *Id.* at 574 (citing *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)). District courts have great discretion in determining whether to pierce the pleadings, particularly where there already exists ample record evidence relevant to the remand issue. *See Davidson*, 819 F.3d at 766. In this matter, given that discovery was complete and trial set to begin, we believe it would be an abuse of discretion not to pierce the pleadings in determining the appropriateness of joinder.

The burden on the party claiming improper joinder is a heavy one, and Fifth Circuit precedent requires a defendant to "preclude" the possibility of recovery with "facts that can be easily disproved if not true." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765-66 (citing *Smallwood*, 385 F.3d at 573-74 n.12). In other words, "the defendant must put forward evidence that would negate a possibility of liability on the part of the nondiverse defendant." *Id*. at 767 (quoting *Travis*, 326 F.3d at 650) (internal alterations omitted). When piercing the pleadings and considering summary judgment-type evidence in the record, the court must

4

consider "all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649.

Defendant submits three pieces of evidence in an attempt to negate the possibility of recovery against Taylor: the deposition testimony of Plaintiff, the deposition testimony of three of his co-workers, and Plaintiff's Social Security Earnings Report. Rec. Doc. 8 at 7. According to Cyanamid, this evidence shows that Plaintiff and his co-workers had no knowledge of Taylor and that Plaintiff never worked for Taylor. *Id*. Even assuming the evidence does support such conclusions, it still does not negate the possibility of Plaintiff's recovery against Taylor.

Plaintiff contends that Taylor supplied Cyanamid and International Paper facilities throughout Louisiana with asbestos-containing insulation and other asbestos related products during the relevant period in which Plaintiff and/or his father worked for International Paper. Rec. Doc. 4-2 at 15. None of the evidence submitted by Defendant precludes Plaintiff's chance of recovery based on these allegations.  The fact that Plaintiff and his co-workers did not know the name of a potential supplier is not convincing evidence as to whether that supplier actually provided Plaintiff's employer with asbestos-containing products at a time and place where he was working with, and exposed to, such products. *See also Bourke v. Exxon Mobil Corporation*, No. 15-5347, 2016 WL

5

836872, at *7 (E.D. La. Mar. 4, 2016). For the same reason, Plaintiff's Social Security Earnings Report is also unpersuasive.

Moreover, even though the burden here is on Defendant, Plaintiff submits affirmative evidence to the contrary. The affidavit of Dwight Corcoran lends some support to Plaintiff's allegation that Taylor supplied asbestos-containing products to Plaintiff's employer during the relevant time period. Rec. Doc. 4-12 at 2-3.  While it is far from conclusive, it certainly raises a material issue of fact as to Taylor's liability. Consequently, and considering all unchallenged factual allegations in the light most favorable to the plaintiff, Cyanamid has failed to meet its heavy burden of proving improper joinder.[3] Accordingly,

**IT IS ORDERED** that the motion is **GRANTED.**

New Orleans, Louisiana, this 14th day of September, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] This Court acknowledges Defendant's reliance upon *Smith v. Union Carbide Corp.*, No. 13-6323, 2013 WL 6244199 (E.D. La. Dec. 3, 2013), to show that joinder was improper. While that case also dealt with the issue of improper joinder and denied remand despite the presence of the same Corcoran affidavit, we find it unpersuasive. The case at hand is factually distinguishable. The plaintiff in *Smith* only worked at Cyanamid for four weeks during the time in which Taylor purportedly supplied products to Cyanamid. *Id.* at 5. In this case, however, it appears that Bozeman worked there for almost the entire decades-long period discussed in the Corcoran affidavit. *See* Rec. Docs. 1-1; 4-13.

6